*428 O’Neill, J.,
dissenting.
{¶ 26} Respectfully, I must dissent. Relators have filed this action by virtue of the fact that their candidates captured more than 3 percent of the statewide vote for president and vice president in the 2016 general election. They seek recognition as the Libertarian Party to participate in Ohio’s 2017 primary election and beyond. Respondent, Ohio Secretary of State Jon Husted, opposes relators’ request based on the fact that relators’ candidates did not run under the Libertarian Party banner in 2016. That is, at best, circular reasoning. It would not have been possible for Gary Johnson and William Weld to run as the candidates of the Libertarian Party as there was no such party recognized by the state of Ohio. That is what this lawsuit is all about. Political parties have to start somewhere. Relators followed the rules that define what constitutes a political party, and now the state’s chief elections officer asks this court to twist those rules around to keep the seeds of democracy from sprouting.
{¶ 27} I agree that reasonable administrative interpretations of the Revised Code are owed deference from the courts; however, I do not think that respondent’s interpretation of R.C. 3501.01 and 3517.01, read together in pari materia, is reasonable. At issue in this matter are the statutory definitions of the terms “political party” in R.C. 3517.01(A)(1) and “minor political party” in R.C. 3501.01(F)(2). Respondent would like us to read these provisions together to conclude that relators cannot be a “political party” because they do not qualify as a “minor political party.” This interpretation is unreasonable. The umbrella section immediately above the definition of “minor political party,” R.C. 3501.01(F), defines “political party” as “any group of voters meeting the requirements set forth in section 3517.01 of the Revised Code for the formation and existence of a political party.” (Emphasis added.) Using the same phrase, “any group of voters ” (emphasis added), R.C. 3517.01(A)(1) provides that a group of voters may acquire political-party status by meeting either of two alternative requirements, (a) or (b). R.C. 3517.01(A)(1)(a) provides that the definition of “political party” is met if “at the most recent regular state election, the group polled for its candidate for governor in the state or nominees for presidential electors at least three per cent of the entire vote cast for that office.” (Emphasis added.) That is exactly what happened here.
{¶ 28} R.C. 3501.01(F)(2) and 3517.01(A)(1) define different terms. Respondent’s interpretation would require this court to supplement the plain language of these statutes to make one definition subordinate to the other, which is an improper invasion of the role of the General Assembly.
{¶ 29} The state must hold primary elections “for the purpose of nominating persons as candidates of political parties for election to offices to be voted for at the succeeding general election.” (Emphasis added.) R.C. 3513.01(A). The only *429 question remaining for this court to answer is whether the named relators are, as they allege, a “group” that “polled for its * * * nominees for presidential electors at least three per cent of the entire vote cast for that office,” R.C. 3517.01(A)(1)(a). Relators allege that they are the “group of voters” that nominated Johnson and Weld to appear on the most recent presidential-election ballot, that the candidates they nominated received 3.17 percent of the total votes cast in that election, and that they would now like recognition as a political party. Respondent denies only one of these allegations in his answer: that relators were the people who nominated Johnson and Weld. Relators have provided more than sufficient evidence in support of their statement that they were the group that nominated Johnson and Weld, and respondent has offered evidence that only confirms their allegation.
Mark R. Brown, for relators.
Michael DeWine, Attorney General, and Halli Brownfield Watson and Jordan S. Berman, Assistant Attorneys General, for respondent.
{¶ 30} Whether or not relators want to be called the “Libertarian Party”—they do not say so in their complaint—is not dispositive. That they received support from a group calling itself the Libertarian Party of Ohio is equally irrelevant. The Revised Code says nothing about that. These five people could call themselves the Pizza Party, for all that matters. Left with the plain language of the statutes, the factual questions stated above, and the plain evidence in the record, I would grant the writ and order the relief requested.
{¶ 31} Accordingly, I dissent.